ACCEPTED
04-15-00575-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/15/2015 1:30:00 PM
KEITH HOTTLE
CLERK

04-15-00575-CV

# No. 29842

| | | |
|---|---|---|
| **Knighthawk, LLC, Series G** | § | **In the District Court of** |
| *Plaintiff* | § | |
| | § | |
| | § | |
| | § | |
| v. | § | **Val Verde County, Texas** |
| | § | |
| | § | |
| **B & P Development, LLC and** | § | |
| **Chad H. Foster, Jr.** | § | |
| *Defendants* | § | **83rd Judicial District** |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/15/2015 1:30:00 PM
KEITH E. HOTTLE
Clerk

## Notice of Appeal

TO THE HONORABLE JUDGE OF SAID COURT:

Come Now, B & P Development, LLC and Chad H. Foster, Jr., who are defendants in this case files this Notice of Appeal. In accordance with Rule 25, Tex. R. App. P., Defendants shows as follows:

1. This Court signed a Judgment in this case on May 1, 2015. Post-judgment motions, including a Motion for New Trial, were filed by the Defendants, and the Court modified its judgment signed on May 1, 2015, and signed a new judgment on June 25, 2015. A copy of the Amended Judgment is attached as Exhibit A.

2. Defendants filed a Motion for New Trial on July 17, 2015.

3. Defendants filed a Motion for Judgment Notwithstanding the Verdict on July 17, 2015.

Notice of Appeal – Page 1

4. Defendant desires to appeal this case to the 4th Court of Appeals at San Antonio, Texas.

Respectfully submitted,

/s/ Greg White
Greg White
*State Bar No. 21329050*
P.O. Box 2186
Waco, Texas 76703
254.307.0097 (voice)
866.521.5569 (fax)
greg.white@texapplaw.com

**Attorneys for Defendants**

## *Certificate of Service*

I hereby certify that a true and correct copy of the foregoing was sent to the person(s) named below, by electronic filing and mailing the document by first class mail (and by other means stated below) on September 15, 2015.

Via e-mail:  bspindler@langleybanack.com
Bruce K. Spindler
Langley & Banack, Inc.
401 Quarry Street
Eagle Pass, Texas 78852-4520

Via e-mail: Dearl@earl-law.com
David L. Earl
Earl & Associates, PC
601 NW Loop 410, Suite 390
San Antonio, Texas 78216

Via e-mail: ggaines@patelgaines.com
Grant M. Gaines
Patel Gaines, LLP
14414 Blanco Road, Suite 320
San Antonio, Texas 78216

/s/ Greg White
Greg White

# Exhibit A

| KNIGHTHAWK, LLC, SERIES G, PLAINTIFF | § § § | IN THE DISTRICT COURT OF |
|---|---|---|
| VS. | § § | 83RD JUDICIAL DISTRICT |
| B&P DEVELOPMENT, LLC AND CHAD H. FOSTER, JR., DEFENDANTS | § § § § | VAL VERDE COUNTY, TEXAS |

## FINAL JUDGMENT

On the 20th day of January, 2015, the Court called this case for trial. Plaintiff/Counter-Defendant Knighthawk, LLC, Series G ("**Knighthawk**") appeared in person by and through its authorized corporate representative and through its attorneys. Defendants/Counter-Plaintiffs B&P Development, LLC ("**B&P**") and Chad H. Foster, Jr. ("**Foster**") (collectively "**Defendants**") appeared in person and by and through its authorized corporate representatives and through their attorneys. The parties both announced ready for trial. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding. The Court then impaneled and swore in the jury, which heard the evidence and arguments of counsel.

Following the close of evidence and the arguments of counsel, the Court submitted questions, definitions, and instructions to the jury in the Charge of the Court. In response, the jury returned a verdict that the Court received, filed, and entered as the verdict. A true and correct copy of the Verdict is attached hereto as Exhibit A (the "**Jury Verdict**").

The Court, having reviewed the Jury Verdict, hereby has resolved to **RENDER** and **ENTER** this Final Judgment. It is therefore

**ORDERED**, **ADJUDGED**, **DECREED** and **DECLARED** that the Deed, legal description and survey, attached hereto as Exhibit B ("**Martinez Survey**"), sets forth and describes the true and

correct location of the boundary line between the Plaintiff's real property reflected by the tract described in the Deed recorded in Volume 263, Page 37, Deed Records, Val Verde County, Texas ("**Knighthawk Property**") and B&P's real property reflected by the tract described in the Deed Recorded in Volume 182, Page 107, Deed Records, Val Verde County, Texas ("**B&P Property**"), and B&P's has no right, title, lien, estate, or interest in or to the real property contained within the Martinez Survey, save and except however, any current encroachments on the Knighthawk Property as constructed by B&P are permissive encroachments and shall remain in place until such time as they are removed or the parties-in-interest thereto agree otherwise, and any subsequent owners of the Knighthawk tract shall take title in that tract subject to the same. It is further

**ORDERED, ADJUDGED** and **DECREED** that Knighthawk is awarded Judgment against B&P for damages in the amount of $120,000 for B&P's improper use and occupancy of the Knighthawk Property in the past. It is further

**ORDERED, ADJUDGED** and **DECREED** that Knighthawk is awarded Judgment against B&P for damages in the amount $130,000.00 for B&P's improper use and occupancy of the Knighthawk Property in the future.

It is further **ORDERED, ADJUDGED** and **DECREED** that Knighthawk take nothing on its claims asserted against Foster, and Defendants' take nothing on their counterclaims against Knighthawk. It is further

**ORDERED, ADJUDGED** and **DECREED** that Knighthawk is awarded pre-judgment interest in the amount of $17,789.97, calculated at the rate of 5% per annum, to be compounded annually, on the actual damages awarded by the jury in the amount of $120,000.00 from June 18, 2012, through and including April 11, 2015. It is further

ORDERED, ADJUDGED and DECREED that Knighthawk is awarded post-judgment interest at the rate of 5% per annum, on all amounts awarded to Knighthawk in this Judgment until paid in full. It is further

ORDERED, ADJUDGED and DECREED that Knighthawk is awarded Judgment against B&P for its reasonable and necessary attorneys' fees and expenses in the amount of $90,000.00. It is further

ORDERED, ADJUDGED AND DECREED that Knighthawk is awarded post-judgment attorney's fees in the amounts and under the circumstances as follows:

(a) $7,500.00 if Defendants file a restricted appeal; that is unsuccessful;

(b) $7,500.00 for each petition for writ of mandamus that Defendants may file that is denied or dismissed;

(c) $15,000.00 if Defendants file a notice of appeal; that is unsuccessful;

(d) $15,000.00 if Defendants file a petition for review, and such petition is not granted; and

(e) $15,000.00 if Defendants file a petition for review that is granted, but the Judgment of the Court of Appeals is not reversed.

It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment, and it is ORDERED that a return is to be made of the writ showing how it was executed. It is further

ORDERED, ADJUDGED and DECREED that all costs of court are hereby taxed against Defendant, B&P Development, LLC. ~~The Judgment in this issue dated may 1, 2015 is hereby withdrawn and this Judgment entered in its place.~~ THIS JUDGMENT DISPOSES OF ALL ISSUES AND ALL PARTIES. ALL RELIEF NOT GRANTED HEREIN IS DENIED. THIS IS, IN ALL THINGS, A FINAL AND APPEALABLE JUDGMENT.

FINAL JUDGMENT

PAGE 3 OF 4

Signed this ___25___ day of June, 2015.

_(signature)_

Honorable Judge Stephen B. Ables

**APPROVED AS TO FORM ONLY;**
**NOT APPROVED BY DEFENDANTS**
**AS TO SUBSTANCE:**

By: _(signature)_

GRANT M. GAINES
Texas State Bar No. 24074241
ggaines@patelgaines.com
RAHUL B. PATEL
Texas State Bar No. 24072274
rpatel@patelgaines.com
**PATEL GAINES, PLLC**
14414 Blanco Road, Suite 320
San Antonio, TX 78216
(210) 460-7787 Telephone
(210) 460-7797 Facsimile

DAVID L. EARL
Texas State Bar No. 06343030
dearl@earl-law.com
**EARL & ASSOCIATES, P.C.**
601 NW Loop 410, Suite 390
San Antonio, Texas 78216
(210) 552-1500 Telephone
(210) 222-9100 Facsimile

**ATTORNEYS FOR PLAINTIFF**

By: _(signature)_

BRUCE K. SPINDLER
State Bar No. 18947050
MICHAEL C. BOYLE
State Bar No. 0297600
CATRINA PURCELL LONGORIA
State Bar No. 24047179
**LANGLEY & BANACK, INC.**
401 Quarry Street
Eagle Pass, TX 78852
(830) 773-6700 Telephone
(830) 757-4045 Facsimile

**ATTORNEYS FOR DEFENDANTS**

# EXHIBIT A

NO. 29842

| | | |
|---|---|---|
| KNIGHTHAWK, LLC., SERIES G | )( | IN THE DISTRICT COURT |
| | )( | |
| VS. | )( | 83RD JUDICIAL DISTRICT |
| | )( | |
| B & P DEVELOPMENT, LLC AND | )( | |
| CHAD H. FOSTER, JR. | )( | VAL VERDE COUNTY, TEXAS |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this Charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1.    Do not let bias, prejudice or sympathy play any part in your deliberations.

2.    In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court, that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3.    Since every answer that is required by the Charge is important, no juror should state or consider that any required answer is not important.

(1)

4.      You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5.      You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6.      You must render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

7.      You are instructed that you are not to allow yourselves to be influenced in any degree whatsoever by what you might think or surmise the opinion of the Court to be. The Court has no right by any word or act to indicate any opinion respecting any matter of fact involved in this case, nor to indicate any desire respecting its outcome. The Court has not intended to express any opinion upon any matter of fact in this case; and, if you have observed anything which you have or may interpret as the Court's opinion upon any matter of fact in this case, you must wholly disregard such.

8.      It is your duty as a juror to consult with your fellow jurors and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must

(2)

83RD VOL 113 PG 467

83RD VOL 117 PG 093

decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberation, do not hesitate to reexamine your views and to change your opinion on any matter if convinced it is erroneous. However, do not surrender your honest convictions as to the weight of effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

These instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the Judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

After you retire to the jury room, you will select your own presiding juror.

It is the duty of the presiding juror:

(1)    to preside during your deliberations,

(2)    to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this Charge,

(3)    to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the Judge,

(4)    to vote on the questions,

(5)    to write your answers to the questions in the spaces provided, and

(6)    to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all jurors who agree with the verdict if your verdict is less than unanimous.

(3)

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the Judge of this fact.

When words are used in this Charge in a sense which varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Your answer to all questions must be based on a preponderance of the evidence. The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

When you have answered all the questions you are required to answer under the instructions of the Judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into court with your verdict.

_____

JUDGE PRESIDING

FILED
At 4:10 O'Clock P M
JAN 2 9 2015
JO ANN CERVANTES
District Clerk-Val Verde Co.
By _____ Deputy

(4)

## DEFINITIONS

1.  *"Defendants"* refers to Chad H. Foster, Jr. and B&P Development, LLC.

2.  *"Knighthawk Property"* means the tract of land described in the Martinez Survey and owned by Plaintiff Knighthawk, LLC, Series G.

3.  *"B&P Development Property"* means the property located at 615 E. Gibbs Street, Del Rio, Val Verde County, Texas, currently owned by Defendant B&P Development, LLC, and described in the Rothe Survey.

4.  *"Martinez Survey"* means the property survey of the Knighthawk Property performed by Abner Martinez and dated October 16, 2007.

5.  *"Trent Survey"* refers to the survey by David Trent dated January 20, 1966.

6.  *"Rothe Survey"* refers to the survey of the B&P Development Property performed by Charles Rothe and dated January 12, 2012.

7.  *"Proximate cause"* means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that person of *ordinary care* would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

(5)

QUESTION NO. 1

Following all applicable laws and rules of construction, which of the following two surveys more accurately shows the location of the Boundary Line?

"Boundary Line" refers to the boundary line between the Knighthawk Property and the B&P Development Property as described in the 1966 David Trent Survey.

Place an "X" next to one survey:

Martinez Survey:          X

Rothe Survey:          _____

(6)

If you answered "X" to the "Martinez Survey," in Question _1_ then answer Question _2_, if not go to Question _3_.

QUESTION NO. _2_    _[occupancy]_   _[SBA]_

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for Defendants' use and , if any, of the Knighthawk Property?

Do not include in your answer any amount that you find Plaintiff could have avoided by the exercise of reasonable care.

Answer separately in dollars and cents for damages, if any.

1. Damages sustained in the past.

Answer: $ _120,000 . 00_

2. Damages that, in reasonable probability, will be sustained in the future.

Answer: $ _280,000 . 00_

(7)

If you answered "X" to the "Rothe Survey" to Question _l_, then the following Question is limited to the Plaintiff's property falling outside the Rothe Survey.

QUESTION NO. 3

Did Defendants trespass on the Knighthawk Property?

A "trespass" occurs when a person enters another person's land without consent. A trespass occurs when one intentionally commits an act, or when one intentionally fails to act, when that act or failure to act violates a property right, or would be practically certain to have that effect.

Defendants are liable for the actions of their employees that were performed within the scope of their employment by Defendants, and Defendants are also liable for the actions of their independent contractors if Defendants retained control over details of their work.

A person is not acting as an employee if he is acting as an "independent contractor." An independent contractor is a person who, in pursuit of an independent business, undertakes to do specific work for another person, using his own means and methods without submitting himself to the control of such other persons with respect to the details of the work, and who represents the will of such other persons only as to the result of his work and not as to the means by which accomplished.

"Intentionally" in this context refers an act or failure to act by one or both Defendants. As long as the act or failure to act is intentional, it is not necessary that either Defendant intended to commit trespass.

Answer "Yes" or "No" for each of the following:

B & P DEVELOPMENT, LLC          Answer: _Yes_

CHAD H. FOSTER, JR.             Answer: _No_

(8)

If you answered "Yes" to Question 3 above for more than one of those named below, then answer the following question. Otherwise do not answer the following question.

QUESTION NO. 4

For each Defendant that you found trespassed, write their percentages of responsibility below.

Assign percentages of responsibility to only those you found caused or contributed to cause the trespass. The percentages you find must total 100% percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributable to that one in answering another question.

For each person you found caused or contributed to cause the trespass, find the percentage of responsibility attributable to each.

B & P DEVELOPMENT, LLC          Answer: _100_ %

CHAD H. FOSTER, JR.             Answer: _0_ %

                                TOTAL:    100%

(9)

If you answered "Yes" to any of portion of Question $\underline{3}$, then answer Question $\underline{5}$.

QUESTION NO. $\underline{5}$

What amount of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for its injury or injuries, if any, proximately caused by Defendants' trespass?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include in your answer any amount that you find Plaintiff could have avoided by the exercise of reasonable care. Do not include interest on any amount of damages you find:

      a.     the costs of restoring the property, if any, to its prior condition.

Answers in dollars and cents for damages, if any

Answer: $ _____ $\emptyset$ _____

      b.     the impairment, if any, and inconvenience, if any, caused to the Plaintiff, and

Answers in dollars and cents for damages, if any

Answer: $ _____ $\emptyset$ _____

      c.     loss of income, if any, from Plaintiff's land.

Answers in dollars and cents for damages, if any

Answer:$ _____ $\emptyset$ _____

( 10 )

If you answered "Yes" to Question 3 , and $0.00 damages to Question 5 , then answer Question 6 .

QUESTION NO. 6

What sum of money, if any, should Defendants pay to Plaintiff as nominal damages for trespassing on the Knighthawk Property?

If you find, after considering all the evidence presented, that Defendants committed a trespass, but Plaintiff suffered no injury as a result of the trespass, you may award Plaintiff "nominal damages" as recognition that Plaintiff's rights have been violated.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to Plaintiff; that is, either Plaintiff was measurably injured, in which case you must award compensatory damages, or else Plaintiff was not, in which case you may award nominal damages.

Answer in dollars and cents for each Defendant. Nominal damages may not be awarded   for more than a token sum.

B & P DEVELOPMENT, LLC          Answer: $ 10,000 . 00

CHAD H. FOSTER, JR.          Answer: $ 0 . ____

(11)

QUESTION NO. 7

Did Plaintiff publish the following statements?

"Publish" means to intentionally or negligently communicate the matter to a person, other than Chad H. Foster, Jr., who is capable of understanding its meaning.

A.    That Chad Foster, Jr. forged the signature of H. Doak Neal to the two November 17, 2011 correction deeds?

Answer "Yes" or "No."

ANSWER: _Yes_

B.    That Chad H. Foster, Jr. stole land owned by the Plaintiff.

Answer "Yes" or "No."

ANSWER: _Yes_

C.    That Chad H. Foster, Jr. falsified and recorded general file numbers on the two November 17, 2011 correction deeds?

Answer "Yes" or "No."

ANSWER: _Yes_

D.    That Chad H. Foster, Jr. has stolen the land of other people from Del Rio.

Answer "Yes" or "No."

ANSWER: _Yes_

If you answered "Yes" to any subpart of Question 7, then answer the following question; otherwise, do not answer the following question.

QUESTION NO. 8

Was any statement to which you answered "Yes" in Question No. 7 defamatory concerning Chad H. Foster, Jr.?

"Defamatory" means an ordinary person would interpret the statement in a way that tends to injure a living person's reputation and thereby expose the person to public hatred, contempt, ridicule or financial injury, or impeaches the person's honesty, integrity, virtue or reputation, or falsely charges a person with the commission of a crime.

In deciding whether a statement is defamatory, you must construe the statement was a whole and in light of the surrounding circumstances based upon how a person of ordinary intelligence would perceive it.

Answer "Yes" or "No" as to each of the following statements to which you answered "Yes" in Question No. 7. Do not answer as to any of the following statements to which you answered "No" in Question No. 7.

A.    That Chad Foster, Jr. forged the signature of H. Doak Neal to the two November 17, 2011 correction deeds?

Answer "Yes" or "No"

ANSWER: _Yes_

B.    That Chad H. Foster, Jr. stole land owned by the Plaintiff.

Answer "Yes" or "No"

ANSWER: _No_

C.    That Chad H. Foster, Jr. falsified and recorded general file numbers on the two November 17, 2011 correction deeds?

Answer "Yes" or "No"

ANSWER: _Yes_

D.    That Chad H. Foster, Jr. has stolen the land of other people from Del Rio.

Answer "Yes" or "No"
ANSWER: _Yes_

If you answered "Yes" to any subpart of Question 8, then answer the following question; otherwise, do not answer the following question.

QUESTION 9

Were any of the following statements false at the time It was made as It related to Chad H. Foster Jr.?

"False" means that a statement Is not literally true or not substantially true. A statement Is not "substantially true" If, In the mind of the average person, the gist of the statement Is more damaging to the person affected by it than a literally true statement would have been.

Answer "Yes" or "No" as to each of the following statements to which you answered "Yes" In Question No. 8. Do not answer as to any of the following statements to which you answered "No" in Question No. 8.

A.    That Chad Foster, Jr. forged the signature of H. Doak Neal to the two November 17, 2011 correction deeds?

Answer "Yes" or "No"

ANSWER: __Yes__

B.    That Chad H. Foster, Jr. stole land owned by the Plaintiff.

Answer "Yes" or "No"

ANSWER: __No__

C.    That Chad H. Foster, Jr. falsified and recorded general file numbers on the two November 17, 2011 correction deeds?

Answer "Yes" or "No"
ANSWER: __Yes__

D.    That Chad H. Foster, Jr. has stolen the land of other people from Del Rio.

Answer "Yes" or "No"

ANSWER: __Yes__

83RD VOL 113 PG 479

83RD VOL 117 PG 105

If you answered "Yes" to one or more subparts of Question 9, then answer the following question; otherwise, do not answer the following question.

QUESTION NO. 10

What sum of money, if paid now in cash, would fairly and reasonably compensate Chad H. Foster, Jr. for his injuries, if any, that were proximately caused by any statement to which you answered "Yes" in Question No. 9?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for each of the following elements of damages, if any:

1.    Injury to Chad H. Foster, Jr.'s reputation sustained in the past.

ANSWER: _____ 0 _____

2.    Injury to reputation that, in reasonable probability, Chad H. Foster, Jr. will sustain in the future.

ANSWER: _____ 0 _____

3.    mental anguish that Chad H. Foster, Jr. sustained in the past.

ANSWER: _____ 0 _____

4.    mental anguish that, in reasonable probability, Chad H. Foster, Jr. will sustain in the future.

ANSWER: _____ 0 _____

If you answered "Yes" to any subpart of Question $\underline{9}$, then answer the following question; otherwise, do not answer the following question.

QUESTION NO. $\underline{11}$

What sum of money, if paid now in cash, would fairly and reasonably compensate Chad H. Foster, Jr. for his actual pecuniary loss, if any, that was proximately caused by any statement to which you answered "Yes" in Question No. $\underline{9}$?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately in dollars and cents for each of the following elements of damages, if any.

all lost profits sustained by Chad H. Foster in the past

ANSWER: _____Ø_____

all lost profits that, in reasonable probability, Chad H. Foster Jr. will sustain in the future

ANSWER: _____Ø_____

all reasonable and necessary attorneys' fees (including responding to the TREC Complaint) that Chad H. Foster has incurred in defending himself against Severson's claims

ANSWER: _____Ø_____

all reasonable and necessary attorneys' fees that, in reasonable probability, Chad H. Foster likely will incur in the future in defending himself against Severson's claims

ANSWER: _____Ø_____

QUESTION NO. ____ .

Question No. 12.

If you found that any of the statements to be defamatory, then answer this Question.

Did Plaintiff make the defamatory statements without actual malice?

You are instructed that Plaintiff acted without actual malice if Plaintiff made the statements —

1. without knowing that they were false, and

2. without reckless disregard as to the truth of the statements.

Answer "Yes" or "No"

Answer: Yes

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

I certify that the jury was unanimous in answering the following questions:

Answer "All" or list questions: _____ *All* _____

*L. Sue Przepierski*
PRESIDING JUROR

Printed Name of Presiding Juror:
*L. Sue Przepierski*

(If the answers to some questions were not unanimous, the jurors who agreed to those answers must certify as follows:)

We agree to the answers to the following questions:

List questions: _____

| Jurors' Signatures | Jurors' Printed Names |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**JO ANN CERVANTES**
**DISTRICT CLERK**
**VAL VERDE COUNTY**
P.O. Box 1544
100 E. Broadway
1st Floor
Del Rio, Texas 78841-1544



SANDY L. GARCIA
CHIEF DEPUTY
Civil (830) 774-7538
Child Support (830) 774-7540
Jury (830) 774-7541
Criminal/Juvenile (830) 774-7539
Asst. Civil (830) 774-7536
Fax (830) 774-7643

THE STATE OF TEXAS

COUNTY OF VAL VERDE

I, JO ANN CERVANTES, District Clerk in and for Val Verde County, Texas, do hereby

certify that the above and foregoing is a true and correct copy of:

CHARGE OF THE COURT

In suit number 29842 styled:

KNIGHTAWK, LLC., SERIES G
VS.
B & P DEVELOPMENT, LLC AND CHAD H. FOSTER, JR.

as the same appears of record in my office in the 83rd JUDICIAL DISTRICT COURT Minute Book

No. 113, page (s) 466-483.

WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE in Del Rio, Val Verde County, Texas,

this 13th day of February, 2015.

JO ANN CERVANTES, DISTRICT CLERK
63rd & 83rd District Courts
Val Verde County, Texas

By: _Sandra Luna_
Deputy

83RD VOL 117 PG 110

# EXHIBIT B

3855 VL SUITE

Loan Number 1113013118

00258028

O
R

WARRANTY DEED WITH VENDOR'S LIEN

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

G
1
0
7
7

THE STATE OF TEXAS

COUNTY OF VAL VERDE

KNOW ALL MEN BY THESE PRESENTS:

0
0
7
7
2

THAT ROLANDO R. SANTOS AND WIFE, ANGELICA SANTOS, hereinafter called "Grantor" (whether one or more), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration to Grantor paid by KNIGHTHAWK, LLC, hereinafter called "Grantee" (whether one or more), the receipt of which is hereby acknowledged and confessed, and the further consideration of the execution and delivery by said Grantee of one certain Promissory Note in the principal sum of $161,250.00, of even date herewith, payable to the order of WACHOVIA BANK, NATIONAL ASSOCIATION, hereinafter called "Mortgagee", bearing interest at the rate therein provided; said Note containing the usual reasonable attorney's fee clause and various acceleration of maturity clauses in case of default, and being secured by Vendor's Lien and superior title retained herein in favor of said Mortgagee, and being also secured by a Deed of Trust of even date herewith from Grantee to TRSTE, INC. A VIRGINIA CORPORATION, Trustee; and

WHEREAS, Mortgagee has, at the special instance and request of Grantee, paid to Grantor a portion of the purchase price of the property hereinafter described, as included in the above-described Note, said Vendor's Lien against said property securing the payment of said Note is hereby assigned, transferred and delivered to Mortgagee, Grantor hereby conveying to said Mortgagee the said superior title to said property, subrogating said Mortgagee to all the rights and remedies of Grantor in the premises by virtue of said lien; and

Grantor has GRANTED, SOLD and CONVEYED, and by these presents does GRANT, SELL and CONVEY unto said Grantee, the following described property, to-wit:

SITUATED IN VAL VERDE COUNTY, TEXAS, AND BEING APPROXIMATELY 0.29 ACRES OF LAND, OUT OF AND PART OF SECTION NO. 2, IN DIVISION U, E.P.A.M. & L. CO., SUBDIVISION, OF ORIGINAL SURVEY NO. 151 3/4 IN THE NAME OF JOHN KEINLE AND BEING THE SAME PROPERTY DESCRIBED IN DEED DATED AUGUST 1, 1973, FROM LOUITA WILSON, GUARDIAN TO JOHN L. DODSON, JR. OF RECORD IN VOLUME 263, PAGES 37-39 OF THE DEED RECORDS OF VAL VERDE COUNTY, TEXAS, SAID PROPERTY BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS IN EXHIBIT "A", ATTACHED HERETO AND INCORPORATED HEREIN.

TO HAVE AND TO HOLD the above-described premises, together with all and singular, the rights and appurtenances thereunto in anywise belonging unto said Grantee, his heirs and assigns, forever. And Grantor does hereby bind himself, his heirs, executors and administrators, to warrant and forever defend all and singular the said premises unto said Grantee, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

Page 1 of 3 pages
GW1309.1

00238038

Taxes for the current year have been prorated and their payment is assumed by Grantee.

This conveyance is made subject to any and all valid and subsisting restrictions, easements, rights of way, reservations, maintenance charges together with any lien securing said maintenance charges, zoning laws, ordinances of municipal and/or other governmental authorities, conditions and covenants, if any, applicable to and enforceable against the above-described property as shown by the records of the County Clerk of said County.

The use of any pronoun herein to refer to Grantor or Grantee shall be deemed a proper reference even though Grantor and/or Grantee may be an individual (either male or female), a corporation, a partnership or a group of two or more individuals, corporations and/or partnerships, and when this Deed is executed by or to a corporation, or trustee, the words "heirs, executors and administrators" or "heirs and assigns" shall, with respect to such corporation or trustee, be construed to mean "successors and assigns".

It is expressly agreed that the Vendor's Lien is retained in favor of the payee of said Note against the above-described property, premises and improvements, until said Note and all interest thereon shall have been fully paid according to the terms thereof, when this Deed shall become absolute.

EXECUTED this 17TH day of OCTOBER, 2007.

_____          _____
ROLANDO R. SANTOS                         ANGELICA SANTOS

STATE OF Texas _____ COUNTY OF Val Verde, ss:

This instrument was acknowledged before me on this 17 day of October 2007 by ROLANDO R. SANTOS AND ANGELICA SANTOS.

_____
NOTARY PUBLIC

GRANTEE'S ADDRESS:
6905 E. HWY 90
DEL RIO, TEXAS 78840

Page 1 of 1 page

00238028

# EXHIBIT "A"

Lota Number 171205711B

ALL THAT CERTAIN TRACT OR PARCEL OF LAND, SITUATED IN THE CITY OF DEL RIO, COUNTY OF VAL VERDE, AND STATE OF TEXAS, AND BEING OUT OF AND A PART OF SECTION NO. 3, IN DIVISION O, OF THE S.F.A.N. & L. COMPANY'S SUBDIVISION OF ORIGINAL SURVEY NO. 161-3/4 IN THE NAME OF JOHN KIENLE, BEING DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 5/8" IRON ROD SET ON THE SOUTHWEST LINE OF AVENUE I, S 41° 06'00"E, 74.0 FT. FROM A POINT ON THE SOUTHEAST LINE OF GIBBS STREET; SAID BEGINNING POINT BEING THE EAST CORNER OF THAT CERTAIN TRACT OF LAND CONVEYED BY BRADDIE G. LONG TO ROBERT C. HILLMAN, ET AL BY DEED DATED FEBRUARY 19, 1996, AND RECORDED IN VOL. 167, PAGES 107-108, DEED RECORDS OF VAL VERDE COUNTY.

THENCE, WITH SOUTHWEST LINE OF AVENUE I, S 41° 06'00" E, 151.13 FT., TO A 5/8" IRON ROD SET ON THE WEST LINE OF CONVERSE STREET;

THENCE, WITH THE WESTERLY LINE OF CONVERSE STREET, S 73° 17'10" W, 50.15 FT. TO A FENCE CORNER;

THENCE, S 38° 53'31" W, 19.23 FT., TO A FENCE CORNER;

THENCE, N 49° 50'31" W, 117.92 FT., TO A FENCE CORNER;

THENCE, S 54° 00'17" W, 60.93 FT., TO A FENCE CORNER;

THENCE, S 01° 11'31" W, 44.29 FT., TO A FENCE CORNER;

THENCE, N 44° 42'31" W, 18.35 FT., TO A FENCE CORNER;

THENCE, N 06° 35'11" E, 70.10 FT., TO A FENCE CORNER;

THENCE, N 34° 35'31" E, 91.00 FT., TO THE PLACE OF BEGINNING, AND CONTAINING 0.30 ACRES OF LAND.

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS
On Oct 18,2007 at 01:31P

Document Number:    00211923
Receipt - 67799
Amount           31.00

Generosa Gracia-Ramon
County Clerk,Val Verde County
By_____Deputy
Maria Guzman

STATE OF TEXAS COUNTY OF VAL VERDE

I hereby certify that this instrument
was FILED on the date and time stamped
hereon by me and was duly recorded
in the Vol 1977 Page 773
of the OFFICIAL PUBLIC RECORDS
of Val Verde County.

Oct 18,2007   01:31P

Generosa Gracia-Ramon
County Clerk,Val Verde County
By: Maria Guzman



AVENUE 1 (60' R.O.W.)

### DESCRIPTION OF PROPERTY

Situated in Val Verde County, Texas, and being approximately 0.30 acres of land, out of and part of Section No. 3, in Division U, G.F.A.M. & I Co. Subdivision, of Original Survey No. 1617, in the name of John Reinle and being the same property described as 0.29 acres in Deed dated August 1, 1975, from  Loella Wilson, Guardian to John L. Dodson, Jr. of record in Volume 203, Pages 37-09 of the Deed Records of Val Verde County, Texas.

Purchaser : Rodell Severson
Address : 102 Avenue 1
G.F. No. 38155

KLLC-00005

EXHIBIT
B

83RD VOL 117 PG 116

## METES AND BOUNDS DESCRIPTION
## FOR 102 AVENUE I IN DEL RIO, TEXAS

ALL THAT CERTAIN TRACT OR PARCEL OF LAND, SITUATED IN THE CITY OF DEL RIO, COUNTY OF VAL VERDE, AND STATE OF TEXAS, AND BEING OUT OF AND A PART OF SECTION NO. 3, IN DIVISION U, OF THE S.P.A.M. & I. COMPANY'S SUBDIVISION OF ORIGINAL SURVEY NO. 161-3/4 IN THE NAME OF JOHN KIENLE

DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT A 5/8" IRON ROD SET ON THE SOUTHWEST LINE OF AVENUE I, S 44°06'00"E, 74.0 FT. FROM A POINT ON THE SOUTHEAST LINE OF OHUS STREET; SAID BEGINNING POINT BEING THE EAST CORNER OF THAT CERTAIN TRACT OF LAND CONVEYED BY BRADDIE G. LOWE TO ROBERT C. HILLMAN, ET AL BY DEED DATED FEBRUARY 10, 1996, AND RECORDED IN VOL. 182, PAGES 107-108, DEED RECORDS OF VAL VERDE COUNTY.

THENCE, WITH SOUTHWEST LINE OF AVENUE I, S 44° 06'00" E, 152.13 FT., TO A 5/8" IRON ROD SET ON THE WEST LINE OF CONVERSE STREET;

THENCE, WITH THE WESTERLY LINE OF CONVERSE STREET, S 23° 47'20" W, 91.25 FT. TO A FENCE CORNER,

THENCE, S 36° 53'32" W, 19.73 FT., TO A FENCE CORNER,

THENCE, N 40° 56'39" W, 117.02 FT., TO A FENCE CORNER,

THENCE, S 54° 00'17" W, 60.98 FT., TO A FENCE CORNER,

THENCE, S 82° 33'36" W, 44.39 FT., TO A FENCE CORNER,

THENCE, N 44° 42'38" W, 28.35 FT., TO A FENCE CORNER,

THENCE, N 66° 35'11" E, 70.18 FT., TO A FENCE CORNER,

THENCE, N 34° 35'34" E, 92.0 FT, TO THE PLACE OF BEGINNING, AND CONTAINING 0.30 ACRES OF LAND.

Del Rio, Texas, October 15, 2007

Almer Martinez-Guadarrama
R.P.L.S. # 5009, Texas



KLLC-00006